IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.
05 MAY -6 AM 8: 35
ROBERT R. DI TROLIO
CLERK OF US. DIST. CT.
W.D. OF TN.-JACKSON

| | | |
|---|---|---|
| CLOUDIA HILL, by and through her next friends and mother and father, PATRICIA HILL and KERRY HILL, and PATRICIA HILL and KERRY HILL, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 03-1219-T-An |
| MCNAIRY COUNTY, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFFS' APPEAL

Plaintiffs have appealed the order of Magistrate Judge S. Thomas Anderson which denied their motion to reconsider the order granting Defendants' motion to prohibit the use of certain written statements and testimony. See Order 3/25/05. Defendants have filed a response to the appeal. For the reasons stated below, Plaintiffs' appeal is DENIED.

The events leading up to the filing of the present motion are as follows. Defendants filed a motion for summary judgment on August 3, 2004. Plaintiffs filed their response which included supporting affidavits from Tina Smith, Randall Nielson, Rhonda Brown, and Michael Brown. Defendants then filed a motion to prohibit the use of testimony from those individuals on the ground that Plaintiffs had not disclosed their names in their initial disclosures or in response to Defendant's interrogatories and refused to provide contact

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 05/06/05



information after Plaintiff Patricia Hill identified them as persons having knowledge of the relevant events during her deposition. Magistrate Judge Anderson granted Defendants' motion on February 2, 2005. Plaintiffs filed a motion to reconsider which was denied on March 24, 2005. Plaintiffs have appealed that order.

A party aggrieved by the magistrate judge's order may seek review of it by appealing to the district court within ten days after being served with a copy of the order. See Local Rule 72.1(g). The district court's review of any pretrial matter made by the magistrate judge is governed by Rule 72(g) of the Federal Rules of Civil Procedure, which provides: "The presiding district judge may reconsider any order determining a pretrial matter where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(g)(1); see also § 28 U.S.C. 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 26 F.3d 926, 943 (7th Cir. 1997).

In his order, Magistrate Judge Anderson rejected Plaintiffs' arguments that (1) they should not be bound by the actions of their former counsel, Suzanne Michelle, (2) Defendants had the resources to locate the addresses of the now prohibited witnesses, and (3) the court should grant Defendants additional time to depose these witnesses to ameliorate any prejudice, rather than striking their testimony. Magistrate Judge Anderson analyzed Plaintiffs' motion under Fed. R. Civ. P. 60(b) and found that none of Plaintiff's arguments

2

fell with that Rule's ambit.[1] That is, Plaintiffs failed to show that their actions in not disclosing the requisite information was the result of "mistake, inadvertence, surprise, or excusable neglect."

In their appeal, Plaintiffs again argue that the scheduling order can be modified to allow Defendants sufficient time to depose the witnesses and that Defendants could have located these witnesses on their own. Plaintiffs also argue that Defendants should have filed a motion to compel, rather than a motion to prohibit.

Plaintiffs have failed to show that the ruling of the Magistrate Judge was "clearly erroneous or contrary to law." Magistrate Judge Anderson's finding that Plaintiffs were bound by the actions of Ms. Michelle was in accordance with well-established law. In Link v. Wabash R. Co., 370 U.S. 626 (1962), the Supreme Court held that a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference. The Court found "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." Id. at 633.

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

Id. (quoting Smith v. Ayer, 101 U.S. 320, 326 (1880)). See also FHC Equities, L.L.C. v.

---

[1] Plaintiffs cited no legal authority for their motion to reconsider.

MBL Life Assurance Corp., 188 F.3d 678 (6th Cir.1999) (Neither strategic miscalculation nor counsel's misinterpretation of the law warrants relief from a judgment.); Valley Line Co. v. Ryan, 771 F.2d 366 (8th Cir. 1985) (Client is bound by attorney's action because attorney has "the implied power to take all action with reference to procedural matters.") Additionally, Plaintiffs' present attorney, Gary Blackburn, as well as Ms. Michelle, was representing Plaintiffs at the time of the non-disclosure.

Fed. R. Civ. P. 37 authorizes a court to impose sanctions against a party who fails to make Rule 26(a) disclosures or to provide discovery allowed under the Federal Rules of Civil Procedure. Rule 37 provides in relevant part:

> (b) Failure to Comply With Order....
>
> (2) Sanctions by Court in Which Action is Pending. If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....
>
> (c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Compliance with Rule 37 includes complete and timely supplementation of disclosures and responses in accordance with Rule 26(e).

In the present case, Plaintiffs' failure to identify these witnesses in a timely manner was neither an inadvertent omission nor an honest mistake. Defendants have not "sought to eliminate this testimony on a <u>technicality</u>," Plaintiffs' Memo. at p. 5 (emphasis added), but, instead, on Plaintiffs' disregard of the Federal Rules of Civil Procedure. Plaintiffs' failure to comply with the Federal Rules has hindered Defendants in preparing their defense and has resulted in prolonged litigation. Thus, Plaintiffs' actions were not harmless.

The court finds that Magistrate Judge Anderson's original ruling granting Defendants' motion to prohibit certain testimony was not clearly erroneous or contrary to law and neither was his ruling denying Plaintiffs' motion to reconsider. However, in light of the severity of the sanction of prohibiting the testimony of the witnesses, the court will not award Defendants the costs associated with defending the motion to reconsider.

In summary, Plaintiffs' appeal of the order denying Plaintiffs' motion to reconsider the order of the Magistrate Judge granting Defendants' motion to prohibit the use of certain

written statements and testimony is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_5 May 2005_____
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 167 in case 1:03-CV-01219 was distributed by fax, mail, or direct printing on May 6, 2005 to the parties listed.

---

W. Gary Blackburn
BLACKBURN & McCUNE, P.C.
201 Fourth Ave., N.
Ste. 1700
Nashville, TN 37219

Michele Cooper
MILLS & COOPER
P.O. Box 24969
Nashville, TN 37202--496

Jennifer Craig
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Andrew N. Grams
MILLS & COOPER
P.O. Box 24969
Nashville, TN 37202--496

John Patrick Dollar
BLACKBURN & McCUNE, P.C.
201 Fourth Ave., N.
Ste. 1700
Nashville, TN 37219

Pamela A. Hayden-Wood
ATTORNEY GENERAL AND REPORTER
P.O. Box 20207
Nashville, TN  3720-2-02

Charles M. Purcell
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Honorable James Todd
US DISTRICT COURT